UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

James Mark Vogel,

        Plaintiff,

   vs.                          REPORT AND RECOMMENDATION

Minnesota Department of
Corrections; Joan Fabian,
Commissioner; Collette Morris;
and James Kaul

        Defendants.         Civ. No. 05-2740 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

The Plaintiff, who is a State prisoner, commenced this action under Title 42 U.S.C. §1983, seeking relief for various alleged violations of his Federal constitutional rights. See, Docket No. 1. He also filed the current Application to proceed IFP.

By Order dated December 1, 2005, we directed the Plaintiff to submit an initial partial filing fee of $12.46, in order to commence this action, in accordance with Title 28 U.S.C. §1915(b)(1). Our Order allowed the Plaintiff until December 23, 2005, by which to submit to the Clerk of Court the partial filing fee, as well as one completed United States Marshal Service for each of the named Defendants. The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he complied with the stated requirement within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order expired more than two weeks ago, and the Plaintiff has yet to satisfy our directives. Therefore, based upon the Plaintiff's failure to comply with our Order of December 1, 2005, and his failure to prosecute this action, we recommend that his Complaint be dismissed, without prejudice. See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (advising that the failure to submit financial information required by §1915(a)(2), or an

initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated December 1, 2005, and for failure to prosecute.

2.   That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

Dated:  January 10, 2006              s/Raymond L. Erickson
                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 30, 2006,** a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 30, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.